**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| MARLENE GONZALEZ-POZO, | Case No. 2:23-cv-589-GMN-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| EMPIRE FIRE AND MARINE INSURANCE CO., | |
| Defendant. | |

Before the Court is Defendant's Motion to Stay Discovery. ECF No. 19. Plaintiff responded (ECF No. 20), and Defendant replied (ECF No. 22).

**I.     Background**

This case arises out of a car accident that took place in Florida. Plaintiff had purchased supplemental liability insurance from Defendant. Plaintiff alleges that Defendant's failure to pay based on this supplemental insurance is a breach of contract and constitutes bad faith.

Defendant moves to stay discovery pending the resolution of its Motion to Dismiss and relies on the "preliminary peek test" for its argument. Defendant argues that the motion is dispositive, that it can be decided without additional discovery, and references arguments from its Motion to Dismiss to support its belief that the case will not move forward. Specifically, it argues that the court does not have personal jurisdiction over this case. Defendant also relies on several District of Nevada cases where discovery has been stayed where the court's jurisdiction was being challenged.

Plaintiff agrees that Defendant's motion is dispositive, but he takes the position that additional discovery is needed to resolve the motion to dismiss and argues that the Motion to Dismiss has no merit.

Defendant's reply relies on many of the same arguments contained in its moving papers.

/ / /

## II. Legal Standard

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery because a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995).

A court may, however, stay discovery under Federal Rule of Civil Procedure 26(c). FED. R. CIV. P. 26(C)(1); *Clardy v. Gilmore*, 773 F. App'x 958, 959 (9th Cir. 2019) (affirming stay of discovery under Rule 26(c)). The standard for staying discovery under Rule 26(c) is good cause. FED. R. CIV. P. 26(C)(1) (the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding discovery or specifying when it will occur).

The Ninth Circuit has not provided a rule or test that district courts must apply to determine if good cause exists to stay discovery. *Salazar v. Honest Tea, Inc.*, No. 213CV02318KJMEFB, 2015 WL 6537813, at *1 (E.D. Cal. Oct. 28, 2015) ("The Ninth Circuit has not provided guidance on evaluating a motion to stay discovery pending resolution of a potentially dispositive motion, other than affirming that district courts may grant such a motion for good cause."); *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-CV-02630, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011) ("The Ninth Circuit Court of Appeals has not announced a clear standard against which to evaluate a request or motion to stay discovery in the face of a pending, potentially dispositive motion.").

The Ninth Circuit has, however, identified one scenario in which a district court may stay discovery and one scenario in which a district court may *not* stay discovery. The Ninth Circuit has held that a district court *may* stay discovery when it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted. *See Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) ("A district court may limit discovery 'for good cause,' Rule 26(c)(4), Federal Rules of Civil Procedure, and may continue to stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief."); *B.R.S. Land Invs. v. United States*, 596 F.2d 353, 356 (9th Cir. 1979) ("A district court may properly exercise its discretion to deny discovery where, as here, it is

convinced that the plaintiff will be unable to state a claim upon which relief can be granted.").[1] The Ninth Circuit has also held that a district court may *not* stay discovery when discovery is needed to litigate the dispositive motion. *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (district court would have abused its discretion in staying discovery if the discovery was necessary to decide the dispositive motion); *Kamm v. Cal. City Dev. Co.,* 509 F.2d 205, 210 (9th Cir. 1975) (same).

Based on this Ninth Circuit law, district courts in the District of Nevada typically apply a three-part test to determine when discovery may be stayed.[2] *See, e.g.*, *Kor Media Group, LLC v. Green*, 294 F.R.D. 579 (D. Nev. 2013). This Court will refer to this test as the "preliminary peek test." The preliminary peek test asks whether (1) the pending motion is potentially dispositive, (2) the potentially dispositive motion can be decided without additional discovery, and (3) after the court takes a "preliminary peek" at the merits of the potentially dispositive motion, it is "convinced" that the plaintiff cannot state a claim for relief. *Id.* at 581. If all three questions are answered affirmatively, the Court may stay discovery. *Id.* The point of the preliminary peek test is to "evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). Rule 1 provides that the Federal Rules of Civil Procedure should be construed "to secure the just, speedy, and inexpensive determination of every" case. FED. R. CIV. P. 1.

This Court, however, has found the preliminary peek test to be problematic because it is often inaccurate and inefficient.

*First*, applying the preliminary peek test does not always lead to "accurate results" in which the cases that will ultimately be dismissed are stayed and vice versa. This is so for two primary reasons. In the District of Nevada, a magistrate judge applies the preliminary peek test

---

[1] The Court interprets both these Ninth Circuit cases as providing one scenario in which it is appropriate to stay discovery but not the only scenario. *See also Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (affirming stay of discovery without discussing whether court was convinced plaintiff could not state a claim before entering stay); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (same); *Clardy v. Gilmore*, 773 F. App'x 958, 959 (9th Cir. 2019) (same).

[2] The Court notes that these District of Nevada cases are persuasive authority, and the Court is not bound by them.

and decides whether discovery should be stayed; however, a district judge decides the dispositive motion. These judges sometimes have different views on the merits of the dispositive motion, leading to discovery being stayed in some cases it should not have been stayed in and vice versa. *See also* Kevin J. Lynch, *When Staying Discovery Stays Justice: Analyzing Motions to Stay Discovery When a Motion to Dismiss Is Pending*, 47 WAKE FOREST L. REV. 71, 97 (2012) (identifying same issue). Additionally, the test requires the magistrate judge to take a "preliminary peek" (*i.e.*, a superficial look) at the dispositive motion and be *convinced* that the plaintiff cannot state a claim for relief before staying discovery. *Kor Media*, 294 F.R.D. at 583-84 (discovery stay inappropriate when there is only "a possibility" defendant will succeed on its dispositive motion; "[g]enerally, there must be *no question* in the court's mind that the dispositive motion will prevail . . . ."). When the preliminary peek test is applied as written, it leads to discovery being stayed in only the simplest, legally baseless cases. For most cases, and certainly complex cases, it is impossible for the Court to do a "preliminary peek" and be *convinced* that the plaintiff cannot state a claim. This is problematic because complex cases, in which discovery will be extremely costly, are the types of cases where discovery stays may be particularly appropriate while a dispositive motion is pending (to accomplish the goals of Rule 1). Nevertheless, the preliminary peek test, applied as written, leads to most motions to stay discovery being denied. Accordingly, the preliminary peek test is not well-suited for sorting which cases will be dismissed (and thus should have discovery stayed) from those cases that will proceed (and thus should *not* have discovery stayed).

*Second*, the preliminary peek test is inefficient. As just explained, if the preliminary peek test is applied as written (*i.e.*, the Court must be *convinced* after a superficial look at the dispositive motion that the plaintiff cannot state a claim), it often fails to accurately sort those cases that will be dismissed (and should have discovery stayed) from those cases that will proceed (and should not have discovery stayed). To improve the accuracy of the preliminary peek test (and allow discovery stays in cases in which this Court believes the dispositive motion will be granted), this Court has in the past engaged in a full analysis of the dispositive motion. This takes considerable time and delays providing the parties with a decision on the motion to stay

discovery.³ It is also an inefficient use of judicial resources because both the magistrate judge and the district judge fully analyze the same dispositive motion. And, even after all this effort, the magistrate judge and district judge may still have different views on the merits of the dispositive motion. *See also* Lynch, *supra*, at 101 (noting that having two different judges decide the dispositive motion and the motion to stay discovery introduces burden and error into the preliminary peek test). In short, doing a full analysis of the dispositive motion may improve the accuracy of the preliminary peek test but it takes significant time, duplicates effort, delays providing the parties a decision on whether discovery is stayed, and may still lead to discovery being inappropriately stayed or allowed to proceed.

    This Court believes a better analytical framework exists for determining when motions to stay should be granted. As the Court previously discussed, the Court may grant motions to stay discovery when a dispositive motion is pending if (1) the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *See Alaska Cargo Transp.*, 5 F.3d at 383 (district court would have abused its discretion in staying discovery if the discovery was necessary to decide the dispositive motion); *Kamm,* 509 F.2d at 210 (same); FED. R. CIV. P. 26(C)(1) (the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding discovery or specifying when it will occur). "The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). As the Court will discuss in more detail below, good cause may be established using the preliminary peek test, but it may also be established by other factors, not related to the merits of the dispositive motion.

---

³ This delay often also creates a *de facto* stay of discovery, which is problematic in and of itself.

### III. Analysis

#### A. It is not clear whether the motion to dismiss can be decided without additional discovery

Plaintiff argues that additional discovery may be required before the Court can adjudicate the Motion to Dismiss. He argues for the need to obtain additional discovery into the relationship between Enterprise and Empire to see "whether the actions of the former can be imputed to the latter for purposes of personal jurisdiction." ECF No. 20 at 6.

Defendant points out that (1) this argument was never raised in Plaintiff's opposition to the Motion to Dismiss and (2) none of Plaintiff's discovery requests address the issue of jurisdiction. ECF No. 22 at 7.

Defendant is correct in noting that Plaintiff's opposition to the Motion to Dismiss does not raise this issue. *See* ECF No. 11. And it appears that Plaintiff's discovery requests have not been geared towards exploring the relationship between the two entities at hand. In that sense, this Court agrees that Plaintiff's actions seem to be at odds with his argument. Nevertheless, the question before this Court is not whether Plaintiff has taken the proper steps to better its position as to the dispositive motion on file by making the appropriate discovery requests. Instead, the question is whether the Motion to Dismiss can be decided without such discovery based on the purported relevance (or lack thereof). *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378 (9th Cir. 1993). Defendant provides no argument explaining why such discovery is not relevant to the Motion to Dismiss. See *Solida v. United States Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) ("[D]iscovery should be stayed while dispositive motions are pending 'only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive.'"). Thus, given that Defendant has not met its burden regarding the first step, the motion will be denied. [4]

### IV. Conclusion

**IT IS THEREFORE ORDERED** that Defendant's motion to stay discovery (ECF No.

---

[4] The moving party has the burden of establishing this first factor even under the "preliminary peek test." Kor Media Group, LLC v. Green, 294 F.R.D. 579, 581 (D. Nev. 2013).

Page 6 of 7

19) is DENIED.

**IT IS FURTHER ORDERED** that the hearing scheduled for October 24, 2023 is VACATED.

DATED: September 19, 2023

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE