**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MARLENE GONZALEZ-POZO, *et al.*,

            Plaintiffs,

  vs.

EMPIRE FIRE AND MARINE INS. CO.,

            Defendant.

Case No.: 2:23-cv-00589-GMN-BNW

**ORDER GRANTING MOTION TO DISMISS**

Pending before the Court is the Motion to Dismiss, (ECF No. 10), filed by Defendant Empire Fire and Marine Insurance Co. ("Empire"). Plaintiffs Marlene Gonzalez-Pozo and Gerardo Polier-Garcia filed a Response, (ECF No. 11), to which Empire filed a Reply, (ECF No. 12). Because Plaintiffs fail to establish that the Court has personal jurisdiction over Empire, the Court **GRANTS** Empire's Motion to Dismiss.[1]

**I.     BACKGROUND**

Plaintiffs, who are Nevada residents, rented a car from Enterprise Rent-A-Car ("Enterprise") in Florida. (Compl. ¶¶ 1, 11, ECF No. 1). While they were using the rental car, Plaintiffs were rear-ended by another driver, causing serious injuries to Plaintiffs. (*Id.* ¶ 11). The other driver, who was at-fault, did not have liability insurance. (*Id.* ¶ 12). But the Rental Agreement for the rental car included supplemental liability protection provided by Empire. (*Id.*). Thus, Plaintiffs allege that Empire is under a contractual obligation to provide uninsured/underinsured motorist benefits for the collision. (*Id.*).

---

[1] Also pending before the Court is Plaintiffs' Motion to Compel Arbitration, (ECF No. 16). Because the Court dismisses this case for lack of personal jurisdiction, the Court DENIES AS MOOT the Motion to Compel Arbitration.

1    Plaintiffs sued Empire in this Court alleging three causes of action: (1) Breach of Contract, (2) Common Law Bad Faith, and (3) Statutory Bad Faith. Defendants move to dismiss for lack of personal jurisdiction or improper venue.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) permits a defendant, by way of motion, to assert the defense that a court lacks personal jurisdiction over a defendant. Fed. R. Civ. P. 12(b)(2). When a 12(b)(2) motion is based on written materials, rather than an evidentiary hearing, a "plaintiff need make only a prima facie showing of jurisdictional facts to withstand [a] motion to dismiss." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). In determining whether personal jurisdiction exists, courts take the uncontroverted allegations in a complaint as true. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002).

When no federal statute applies to the determination of personal jurisdiction, the law of the state in which the district court sits applies. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Because Nevada's long-arm statute reaches the outer limits of federal constitutional due process, courts in Nevada need only assess constitutional principles of due process when determining personal jurisdiction. *See* NRS § 14.065; *Galatz v. Eighth Jud. Dist. Ct.*, 683 P.2d 26, 28 (Nev. 1984).

Due process requires that a non-resident defendant have minimum contacts with the forum state such that the "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Minimum contacts may give rise to either general jurisdiction or specific jurisdiction. *LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000). General jurisdiction exists where a defendant maintains "continuous and systematic" ties with the forum state, even if those ties are unrelated to the cause of action. *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408,

414–16 (1984)).  Specific jurisdiction exists where claims "arise[] out of" or "relate[] to" the contacts with the forum, even if those contacts are "isolated and sporadic." *Id.*

### III. DISCUSSION

Empire moves to dismiss for lack of personal jurisdiction, or, in the alternative, improper venue.  Because the Court agrees that it lacks personal jurisdiction over Empire, the Court does not reach the issue of venue.

Plaintiffs do not contend that the Court has general jurisdiction over Empire. Accordingly, the Court begins and ends its analysis with specific jurisdiction.  Specific jurisdiction refers to "jurisdiction based on the relationship between the defendant's forum contacts and the plaintiff's claims." *Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007).

Courts employ a three-prong test to analyze whether the assertion of specific personal jurisdiction in a given forum is proper:

> (1) The non-resident defendant must [a] purposefully direct his activities or consummate some transaction with the forum or resident thereof; or [b] perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenneger*, 374 F.3d at 802.

"The plaintiff bears the burden of satisfying the first two prongs of the test." *Id.*  If the plaintiff satisfies the first two prongs, the burden will shift to the defendant to show that exercising jurisdiction would be unreasonable. *Id.* "If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.*

Under the first prong of the specific personal jurisdiction test, purposeful availment and purposeful direction are two distinct concepts, and the "exact form of our jurisdictional inquiry

[generally] depends on the nature of the claim at issue." *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015). For claims sounding in contract, courts typically apply the "purposeful availment" analysis, which considers whether a defendant "'purposefully avails itself of the privilege of conducting activities' or 'consummates a transaction' in the forum, focusing on activities such as delivering goods or executing a contract." *Menken*, 503 F.3d at 1057 (quoting *Schwarzenegger*, 374 F.3d at 802). Conversely, courts typically use a "purposeful direction test" for claims sounding in tort "where the alleged conduct took place outside the forum state." *Strayer v. Idaho State Patrol*, No. 21-cv-35247, 2022 WL 685422, at *2 (9th Cir. Mar. 8, 2022); *see also Schwarzenegger*, 374 F.3d at 802. This test analyzes whether the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 803.

Both parties, without explanation, apply the purposeful direction test, even though this case predominantly sounds in contract because Plaintiffs' claims arise from Empire's refusal pay benefits under an insurance contract. (Mot. Dismiss 6:4–26, ECF No. 10); (Resp. 8:27–10:8, ECF No. 11).[2] But the Ninth Circuit has recently emphasized that the "purposeful direction test *typically* applies to tort claims while the purposeful availment test *typically* applies to contract cases." *Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1162 (9th Cir. 2023) (internal quotation marks omitted) (emphasis added). That is, "there's no need to adhere to an iron-clad doctrinal dichotomy to analyze specific jurisdiction." *Id.* Thus, while the parties appear confused about how the Court should analyze personal jurisdiction in this case, the Court will nonetheless consider Plaintiffs' arguments for exercising personal jurisdiction over Empire.

---

[2] While Plaintiffs simply do not acknowledge the existence of two tests, Empire confusingly—and incorrectly—asserts that "[i]n the Ninth Circuit, courts evaluate the defendant's purposeful availment for *contract* claims and its purposeful direction for *contract* claims." (Mot. Dismiss 6:4–6) (emphasis added).

Plaintiffs argue that the Court can exercise personal jurisdiction over Empire because Empire and Enterprise are joint venturers, and therefore Enterprise's forum-related activities should be imputed to Empire. (Resp. 6:10–12). But Plaintiffs do not cite any case law explaining how the existence of a joint venture results in personal jurisdiction over Empire.

The Court, on its own, has found a handful of cases connecting the existence of a joint venture to personal jurisdiction. And in some cases, courts have imputed the minimum contacts of one co-venturer to other co-venturers to establish personal jurisdiction. *See, e.g.*, *Finegan v. Autotransportes Tufesa S.A. de C.V.*, No. CV 07-693-TUC-FRZ, 2009 WL 331349, at *10 (D. Ariz. Feb. 11, 2009); *see also Hill v. Shell Oil Co.*, 149 F. Supp. 2d 416, 418 (N.D. Ill. 2001) ("The joint venture theory provides that the minimum contacts of one co-venturer are attributable to other co-venturers such that personal jurisdiction over one means personal jurisdiction over all."). But case law also cautions that the existence of a joint venture does not necessarily mean a court may automatically impute the minimum contacts of one co-venturer to another. *See Resnick v. Rowe*, 283 F. Supp. 2d 1128, 1139 (D. Haw. 2003). For instance, courts in other circuits have specified that to impute one co-venturers' contacts to another member of the joint venture, the "member's activities in the forum must be related to the joint venture's business *and* the other members or the association itself must have exercised substantial influence over the member's decision to carry on those activities." *See, e.g.*, *Dunn v. A/S Em. Z. Svitzer*, 885 F. Supp. 980, 985 (S.D. Tex. 1995) (emphasis in original).

Here, Plaintiffs assert that Enterprise and Empire are joint venturers because they "entered into a mutually beneficial contract to attain a goal that neither party could accomplish alone." (Resp. 7:3–4). Based on this alleged joint venture theory, Plaintiffs argue that the Court may exercise personal jurisdiction over Empire because Enterprise targeted its advertisements in the forum state. (*Id.* 9:8–15) (labeling Enterprise's marketing efforts as Empire's marketing efforts). But Plaintiffs do not proffer any allegations concerning Empire's influence or control

over Enterprise's decision to carry out its marketing efforts in Nevada. Thus, even drawing all inferences in Plaintiffs' favor, and assuming the Court would have jurisdiction over Enterprise, Plaintiffs fail to make a prima facie showing of personal jurisdiction based on a joint venture theory.

Without the joint venture theory relying on Enterprise's contacts with Nevada, the Court cannot exercise personal jurisdiction over Empire. Specific jurisdiction must arise out of "contacts that the 'defendant *himself*' creates with the forum State" and cannot be established from the conduct of a plaintiff or third parties within the forum. *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)) (emphasis in original). Empire contends that the only connection to Nevada, the forum state, is that Plaintiffs reside in Nevada. (Mot. Dismiss 6:24). Plaintiffs also received medical treatment here, the cost of which is at the center of this dispute. And, as Empire notes, Plaintiffs "cannot be the only link between the defendant and the forum" to satisfy purposeful direction. (*Id.* 7:1–2) (quoting *Walden*, 571 U.S. at 285). So, Plaintiffs must provide something more than their own residency and medical treatment in Nevada to meet their burden of establishing this Court's personal jurisdiction over Empire. Unfortunately, Plaintiffs' only argument for personal jurisdiction is based on a joint venture theory relying on Enterprise's contacts. Because the Court declines to impute Enterprise's forum activities onto Empire, Plaintiffs fail to establish the first prong of the test for specific jurisdiction, that Empire has purposefully availed itself of the privilege of conducting activities in the forum. Accordingly, the Court **GRANTS** Empire's Motion to Dismiss.

///

///

///

///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Empire's Motion to Dismiss, (ECF No. 10), is **GRANTED**. The Court **DISMISSES** Plaintiffs' Complaint, (ECF No. 1), without prejudice.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel Arbitration, (ECF No. 16), is **DENIED as moot**.

The Court kindly instructs the Clerk of Court to close the case.

**DATED** this __22__ day of November, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT